United States District Court
Southern District of Texas
**ENTERED**
January 27, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NASREEN ARIF *et al.*, § § § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. 24-4522 |
| § | |
| XPO LOGISTICS, EXPRESS, LLC *et al*, § § | |
| Defendant. § § § | |

**MEMORANDUM AND OPINION**

This lawsuit arises out of a car crash that the plaintiffs allege they were involved in on November 9, 2022, on or near the Highway 249 service road in Houston, Texas. (Docket Entry No. 1-1 at 7). Nasreen Arif was driving, and Arif Khan was a passenger in the vehicle. (*Id.*). The plaintiffs allege that the driver of an 18-wheeler vehicle owned by RXO Express, LLC was traveling in an adjacent left turn-only lane. (*Id.*). As Ms. Arif began to make a left turn from her lane, the driver of the 18-wheeler continued to travel straight ahead in the adjacent lane. (*Id.*). The 18-wheeler hit the plaintiffs' vehicle. (*Id.*).

The driver of the 18-wheeler vehicle remains unidentified. The plaintiffs allege that the driver, "John Doe," was negligent, and allege that RXO failed to properly train, manage, monitor, and supervise the driver. (*Id.*). The plaintiffs also allege that RXO failed to properly maintain, inspect, monitor, and repair the 18-wheeler that collided with the plaintiffs' car. (*Id.*). The plaintiffs bring an additional claim for negligent entrustment of the 18-wheeler to John Doe, whom the plaintiffs assert RXO knew, or should have known, to be an incompetent and reckless driver.

(*Id*.). Finally, the plaintiffs allege that RXO is vicariously liable for John Doe's negligence under respondeat superior. (*Id*. at 7).

The plaintiffs do not allege with specificity what, if any, injuries they suffered in the accident, but they seek damages for past, present, and future physical pain, mental anguish, medical expenses, physical impairment, physical disfigurement, lost wages, and loss of earning capacity. (*Id.* at 7). RXO moves to dismiss the general negligence, negligent hiring, negligent training, negligent maintenance, and negligent supervision claims. The only claim RXO does not seek to dismiss is the claim for vicarious liability for John Doe's actions.

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the

2

parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks omitted, alterations adopted) (quoting *Twombly*, 550 U.S. at 558).

RXO asserts that recovery under respondeat superior and through direct claims against RXO based on John Doe's actions are mutually exclusive. (*Id*.). In addition, RXO asserts that the direct negligence claims should be dismissed because the plaintiffs have done no more than "label and state conclusions as to their negligence claims" and have provided no facts to support their contentions that RXO "breached a duty of care that they owed to Plaintiffs." (*Id*. at 3).

The court agrees that the claims for negligent supervision, training, entrustment, and maintenance should be dismissed. It is well established under Texas law that in a claim for ordinary negligence, if a defendant company "stipulates to its vicarious liability for its employee's negligence, a company's liability under respondeat superior and direct negligence are mutually exclusive*.*" *Nunez v. Brady's Welding & Mach. Shop, Inc*., 2022 U.S. Dist. LEXIS 240205, at *1 (W.D. Tex. Oct. 7, 2022) (citing *Rosell v. Cent. W. Motor Stages, Inc*., 89 S.W.3d 643, 654 (Tex. App.—Dallas 2002, pet. denied)). RXO admits that John Doe was in the course and scope of his employment with RXO when the accident occurred. (Docket Entry No. 3 at 2). This precludes "double dipping" by claiming recovery under both direct negligence and respondeat superior, as the plaintiffs here attempt to do.

The court also agrees that the plaintiffs have failed to meet their pleading burden for the negligent supervision, training, entrustment, and maintenance claims against RXO, providing a separate basis to dismiss the claims. The plaintiffs have alleged only that an RXO employee was driving an 18-wheeler truck; the plaintiffs began to make a left turn in a left turn-only lane; the RXO employee decided to travel straight in a left turn-only lane; and that the collision occurred as

a result.  The allegations do not include facts that would indicate that RXO breached a duty to the plaintiffs, as required for a negligence-based claim.  Without more, those claims fail.

The claims for negligent supervision, training, entrustment, and maintenance against RXO are dismissed, with prejudice.  The plaintiffs' claim against RXO for vicarious liability remains, as do the claims against John Doe.

SIGNED on January 13, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge